**FILED**

May 02, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
                    **BW**
                                    DEPUTY

1      UNITED STATES DISTRICT COURT

2      WESTERN DISTRICT OF TEXAS, WACO DIVISION

3

4  Paul Poniatowski, Plaintiff          )          **6:23-CV-316-OLG**
                                        )
5                                       )     ORIGINAL COMPLAINT FOR
                                        )      PATENT INFRINGEMENT
6 vs                                    )
                                        )
7                                       )
                                        )     JURY TRIAL DEMANDED
8  APPLE INC.,  Defendant               )

9

10

11    TO THE HONOURABLE JUDGE OF SAID COURT:

12    Paul Poniatowski, PRO SE, ("Poniatowski" or "Plaintiff"), files this Original

13     for Patent Infringement of the US. Patent 8,270,578 ( the 578

14    patent) against Apple Inc. ("Apple" or "Defendant"), and would respectfully

15    show the Court as follows:

16                              **<u>PARTIES</u>**

17    1. Plaintiff is Paul Poniatowski (Polish/Canadian citizen) currently residing

18    UP Warszawa 125 s.p. 42, Ul. Wojciechowskiego 37,  02-498 Warsaw,

19    Poland . Email: paulponiatowski@hotmail.com; Tel.: 011-48-698-594-869.

20    2. On information and belief, Defendant is a California corporation with a

21     principal address of One Apple Park Way, Cupertino, California 95014 and

1   has regular and established places of business throughout this District,

2   including at  least at 12545 Riata Vista Circle, Austin, TX 78727 .

3   See  https://www.apple.com/ education/purchase/contracts/states/tx/dir.html.

4   Defendant is registered to do  business in Texas, or wherever else they may

5    be found.

6   3. On information and belief, Defendant directly and/or indirectly develops,

7   designs, manufactures, distributes, markets, offers to sell and/or sells

8   infringing products and services in the United States, including in the

9   Western District of Texas, and otherwise directs infringing activities to this

10  District in connection with its products and services.

11                    **JURISDICTION and VENUE**

12  4. This civil action arises under the Patent Laws of the United States,

13  35 U.S.C. §§ 1 et seq ., including without limitation 35 U.S.C. §§ 271, 281,

14  283, 284, and 285 based on Defendant's unauthorised commercial

15  manufacture, use importation, offer for sale, and sale of the Accused

16  Products in the United States.

17  This is a patent infringement lawsuit over which this Court has subject

18  matter jurisdiction under, inter alia, 28 U.S.C. §§ 1331,1332, and 1338(a).

19  5. This United States District Court for the Western District of Texas has

20  general and specific personal jurisdiction over Defendant because, directly

21  or through intermediaries, Defendant has committed acts within the District

1  giving rise to this action and are present in and transact and conduct

2  business in and with residents of this District and the State of Texas.

3  6. Plaintiff's causes of action arise, at least in part, from Defendant's

4  contacts with and activities in this District and the State of Texas.

5  7. Defendant has committed acts of infringing the patents-in-suit within

6  this District and the State of Texas by making, using, selling, offering

7  for sale, and/or importing in or into this District and elsewhere in the State of

8  Texas, products claimed by the patents-in-suit, including without limitation

9  products made by practicing the claimed methods of the patents-in-suit.

10  Defendant, directly and through intermediaries, makes, uses, sells, offers for

11  sale, imports, ships, distributes, advertises, promotes, and/or otherwise

12  commercialises such  infringing products into this District and the State of

13  Texas.

14  Defendant regularly conducts and solicits business in, engages in other

15  persistent courses of conduct in, and/or derives substantial revenue from

16  goods and services provided to residents of this District and the State of

17  Texas.

18  8. This Court has personal jurisdiction over Defendant pursuant to

19  TEX.CIV.PRAC. & REM.CODE  § 17.041 et seq . Personal jurisdiction

20  exists  over Defendant  because Defendant has minimum contacts with

21   this forum as a result of business regularly conducted within the State of

1  Texas and within this district, and, on information and belief, specifically as a

2  result of, at least, committing the tort of patent infringement within Texas and

3  this District. This Court has personal  jurisdiction over Defendant, in part,

4  because Defendant does continuous and systematic business in this District

5  including by providing infringing products and services to the residents of

6  the Western District of Texas that Defendant knew would be used within this

7  District, and by soliciting business from the residents of the Western District

8  of Texas. For example, Defendant is subject to personal jurisdiction in this

9  Court because, inter alia, Defendant has regular and established places of

10   business throughout this District, including at least at 12545 Riata Vista

11  Circle, Austin, TX 78727, and directly and through agents regularly does,

12  solicits, and transacts business in the Western District of Texas.

13  Also, Defendant has hired and is hiring within this District for positions that

14  on information and belief, relate to infringement of the patents-in-suit.

15  Accordingly, this Court's jurisdiction over the Defendant comports with the

16  constitutional standards of fair play and substantial justice and arises

17  directly from the Defendant's purposeful minimum contacts with the State

18  of Texas.

19  9. This Court also has personal jurisdiction over Defendant, because in

20   addition to Defendant's own online website and advertising within this

21   District, Defendant has also made its  products available within this judicial

page 4

1   district and advertised to residents within the District to hire employees to be

2   located in this District.

3   10. The amount in controversy exceeds $75,000 exclusive of interests and

4    costs.

5   11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on

6    information set forth herein, which is hereby repeated and incorporated by

7    reference. Further, upon information and belief, Defendant has committed or

8    induced acts of infringement, and/or advertise, market, sell, and/or offer to

9    sell products, including infringing products, in this District. In addition, and

10   without limitation, Defendant has regular and established places of business

11   throughout this District, including at least at 12545 Riata Vista Circle,

12   Austin, TX 78727.

13                         **THE PATENT-IN-SUIT**

14   12. On September 18, 2012, United States Patent No. 8,270,578 (the 578

15   Patent), entitled "Mobile Payment System" was duly and legally issued by

16   the United States Patent and Trademark Office ("USPTO"). The 578 Patent

17   claims patent-eligible subject matter and is valid and enforceable.

18   Paul Poniatowski is the exclusive owner by assignment of all rights, title and

19   interest in the 578 Patent, including the right to bring this suit for damages,

20   and including the right to sue and recover all past, present, and future

21   damages for infringement of the 578  Patent. Defendant is not licensed to

1    the 578 Patent, either expressly or implicitly, nor do they enjoy or  benefit

2    from any rights in or to the 578 patent whatsoever. A true and correct copy

3    of the 578 Patent is attached hereto as Exhibit A.

4    The Plaintiff work consist of a mobile phone equipped with a dedicated

5    actuator for initiating a commercial transaction, firstly disclosed back in 2004

6    WO 2004/091218, pg. 11, ln. 20: Exhibit B.  Apple frivolously dismissed the

7    matter stating that no violation has taken place because the wallet/Apple

8    Pay icon is not a dedicated icon and no part or region of the touch screen

9    is dedicated to initiate a commercial transaction [sic]. However, it is

10    commonly known that an icon is a gateway to a specific application and

11    therefore it is a dedicated actuator that gains access to said application and

12    that icon/actuator can be located anywhere on the phones display. Apple's

13    claimed prior art must be operable & enabling to cite. Pitifully - it is not.

14    13. The 578 Patent is referred to herein as the "patent-in-suit."

15    14. Plaintiff Poniatowski is the owner of the entire right, title, and interest in

16    and to the patent-in-suit. The patent-in-suit is presumed valid under

17    35 U.S.C. § 282.

18    **<u>ACCUSED INSTRUMENTALITIES</u>**

19    15. The term "Accused Instrumentalities" or "Accused Products" refers to,

20    by way of example and without limitation, Apple's  Apple Pay system

21    ( e.g.  https://ApplePay.com).

1          **PATENT INFRINGEMENT OF THE 578 PATENT**

2     16. Plaintiff restates and readies the preceding paragraphs of this Complaint

3      as if fully set forth herein.

4     17. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues

5      to directly infringe, literally and/or under the doctrine of equivalents, one or

6      more claims, including without limitation at least claims 1 and 15 of the

7       578 Patent, by making, using, testing, selling, offering for sale and/or

8       importing into the United States  Defendant's Accused Apple Pay Product.

9     18. On information and belief, Defendant has made no attempt to design

10     around the claims of the 578 Patent.

11     19. On information and belief, Defendant did not have a reasonable basis

12      for believing that the claims of the 578 Patent were invalid.

13     20. On information and belief, Defendant's Accused Products are available

14      to businesses and individuals throughout the United States and in the State

15      of Texas, including in this District.

16     21. Paul Poniatowski has been damaged as the result of Defendant's

17      infringement.

18     22. The claims chart attached hereto as Exhibit C and D describes how the

19      elements of an exemplary claim 1 and 15 respectably from the 578 Patent

20      are infringed by the Accused  Apple Pay system. This provides details

21      regarding only one example of Defendant's infringement, and only as to a

1  specified patent claims. Plaintiff reserves its right to amend and fully provide

2  its infringement arguments and evidence thereof until its Preliminary and

3  Final Infringement Contentions are later produced according to the court's

4  scheduling order in this case.

5  **<u>PRAYER FOR RELIEF</u>**

6  Plaintiff Paul Poniatowski respectfully requests the following relief:

7  *A.* A judgment that Defendant has directly infringed either literally and/or

8  under the doctrine of equivalents and continue to directly infringe the

9  patents-in-suit.

10  *B.* A judgment and order requiring Defendant to pay Plaintiff damages

11  under 35 U.S.C. § 284 including past damages based on, inter alia, any

12  necessary compliance with 35 U.S.C. §287, and supplemental damages for

13  any continuing post-verdict infringement through entry of the final judgment

14  with an accounting as needed.

15  *C.* A judgment that this is an exceptional case within the meaning of  35

16  U.S.C. § 285 and Plaintiff is therefore entitled to reasonable expenses fees;

17  *D.* A judgment and order requiring Defendant to pay Plaintiff pre-judgment

18  and post- judgment interest on the damages awarded;

19  *E.* A judgment and order awarding a compulsory ongoing royalty;

20  *F.* A judgment and order awarding Plaintiff costs associated with bringing

21   this action.

1   *G.* Such other and further relief as the Court deems just and equitable.

2                    **<u>JURY TRIAL DEMANDED</u>**

3   Pursuant to FED. R. CIV.P. 38, Plaintiff  Paul Poniatowski hereby demands a

4   trail by jury on all issues so triable.

5

6   Respectfully submitted,  April 30, 2023.

7   /s/ Paul Poniatowski

8   UP Warszawa 125 s.p.42 , Ul. Wojciechowskiego 37

9   02-498  Warsaw, Poland.

10  Tel.:  011- 48 -698-594-869.  Email: paulponiatowski@hotmail.com

11

12

13

14

15

16

17

18

19

20

21